IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SEA LAND SERVICES, INC.,

    Plaintiff

    v.

AUTORIDAD DE ACUEDUCTOS Y
ALCANTARILLADOS

    Defendant

**Civil No. 98-2239(SEC)**

Collection of Demurrage

## ORDER

Pending before the Court is a motion for summary judgment filed by the defendant, Autoridad de Acueductos y Alcantarillados ("AAA"), alleging that Plaintiff's complaint is time-barred by Article 947 of the Puerto Rico Commerce Code, 10 P.R. Laws Ann. § 1909, which prescribes a limitations period of six (6) months for the collection of charges stemming from a freight contract. **(Docket # 18)**. In support of that argument, the Defendant cites the case of TAG/ICIB Services, Inc. v. Pan American Grain Co., Inc., 1999 WL 305238 (DPR 1999), a case decided by the undersigned which supports his contention.

However, the district court's holding in Pan American Grain Co., Inc., 1999 WL 305238 (DPR 1999) was reversed by the First Circuit in TAG/ICIB Services, Inc. v. Pan American Grain Co., Inc., 215 F.3d 172 (1st Cir. 2000). There, the First Circuit held that "[i]n an admiralty case, maritime law and the equitable doctrine of laches govern the time to sue." Id. at 175. (citing Butler v. American Trawler Co., Inc., 887 F.2d 20 (1st Cir.1989); Puerto Rican-American Ins. Co. v. Benjamin Shipping Co. Ltd., 829 F.2d 281, 283 (1st Cir.1987)). The doctrine of laches requires that the district court "examine[] whether plaintiff's delay in bringing suit was unreasonable and



AO 72A
(Rev.8/82)

whether defendant was prejudiced by the delay." Id. For that purpose, the courts "utilize as a benchmark the limitations period contained in the most analogous statute" and the most analogous statutes in a case such as this are: the Shipping Act of 1916, 46 U.S.C.App. §§ 801 et seq. until its effective repeal date of September 30, 1996 (three year statute of limitations), and thereafter the Interstate Commerce Commission Termination Act of 1995, 49 U.S.C. §§ 10101 et seq. ("ICCTA"), which establishes an eighteen-month statute of limitations. Id. at 175-6. Accordingly, Defendant's motion for summary judgment is **DENIED**.

    **SO ORDERED.**

    In San Juan, Puerto Rico, this 23rd day of January, 2001.

                                    SALVADOR E. CASELLAS
                                    United States District Judge

AO 72A
(Rev.8/82)